122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David CLEMMONS, Plaintiff-Appellant,
v.
V.J. BACH; Vergara; Collins, Sgt., Defendants-Appellees.
 No. 96-56380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner David Clemmons appeals pro se the district court's summary judgment in Clemmons's 42 U.S.C. § 1983 action alleging that (1) defendant Bach used excessive force to restrain him in a prison day room; (2) defendant Vergara failed to protect him from Bach; and (3) defendants Bach, Vergara, and Collins were deliberately indifferent to the injury he sustained from Bach. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and we affirm in part, reverse in part, and remand.
 
 
 3
 Because Clemmons failed to submit specific facts to support his Eighth Amendment claims against defendants Vergara and Collins, and he failed to support his medical care claim against defendant Bach, we affirm the district court's summary judgment for defendants on these claims. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995); Wood v. Housewright, 900 F.2d 1332, 1334-35 (9th Cir.1990).
 
 
 4
 Clemmons contends that the district court erred by granting summary judgment to defendant Bach on his excessive force claim. This contention has merit.
 
 
 5
 Prison officials violate the Eighth Amendment when they use excessive force maliciously and sadistically to cause prisoners physical harm. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The harm sustained by prisoners, however, need not result in a serious injury. See id. at 7-9.
 
 
 6
 In support of his summary judgment motion, Bach submitted his affidavit stating that, when he was in the prison unit day room, he noticed small blood stains on the shoulder area of Clemmons's shirt. When Clemmons would not explain why there was blood on his shirt, Bach handcuffed Clemmons and proceeded to take him to a medical technical assistant. Bach stated that, before he and Clemmons left the day room, he leaned Clemmons against a podium and called officers in the control tower to tell them that he was moving Clemmons outside of the unit in handcuffs. Clemmons's opposing declaration states that, for no apparent reason, Bach slammed him into the day room podium, injuring his left shoulder.
 
 
 7
 Construing the record evidence in the light most favorable to Clemmons, we conclude that he has presented a material factual dispute regarding whether the amount of force that Bach used was excessive. See id. at 6-7; Taylor, 880 F.2d at 1044-45. Accordingly, we reverse the district court's grant of summary judgment for Bach and remand for further proceedings.
 
 
 8
 The parties shall bear their own costs on appeal.
 
 
 9
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3